IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

IN RE THE APPLICATION OF

JESUS MANUEL GOMEZ
GONZALEZ,

          Plaintiff/Petitioner,

v.

MORAIMA PORTILLO
VALENZUELA,

          Defendant/Respondent.

Civil Action File No. 4:26-cv-3051

**VERIFIED COMPLAINT AND PETITION
FOR RETURN OF THE CHILDREN**

Plaintiff and Petitioner, Jesus Manuel Gomez Gonzalez, respectfully shows this Court as follows:

**I.  INTRODUCTION**

1.      This action is brought by Jesus Manuel Gomez Gonzalez ("Mr. Gomez" or "Petitioner"), a citizen of Mexico, to secure the return of his fifteen-year-old son, S.G.P.; his twelve-year-old daughter, A.G.P.; and his nine-year-old son, E.G.P. (together, "Children"; individually, "Child"), who were, without Petitioner's consent or acquiescence, wrongfully removed from Mexico and brought to the District of Nebraska by the Children's mother, Defendant/Respondent Moraima Portillo Valenzuela ("Ms. Portillo" or "Respondent").

2. This Petition is filed pursuant to the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention")[1] and the International Child Abduction Remedies Act ("ICARA")[2]. A copy of the Hague Convention is attached hereto as Exhibit A. A copy of the ICARA is attached hereto as Exhibit B. The Hague Convention came into effect in the United States of America on July 1, 1988, and has been ratified between, among other Contracting States, the Unites States of America and Mexico.

3. The objects of the Hague Convention are:

Article 1(a): To secure the prompt return of children wrongfully removed to or retained in any Contracting State; and

Article 1(b): To ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States.

(*Id.*)

4. The Hague Convention authorizes a federal district court to determine the merits of a claim for the wrongful removal or retention of a child; it does not, however, permit the district court to consider the merits of any underlying custody dispute.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this case pursuant to 42 U.S.C. § 11603(a) (jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (federal question jurisdiction). Venue is proper pursuant to 42 U.S.C. § 11603 and 28 U.S.C. § 1391(b) because, upon information and belief, the Children and

---

[1] Oct. 25, 1980, T.I.A.S. No. 11,670 at 1, 22514 U.N.T.S. at 98, *reprinted in* 51 Fed. Reg. 10494 (1986).
[2] 42 U.S.C. §§ 11601-11610 (2011).

Respondent are residing at the home of the Respondent's boyfriend, Luis Chavez Estrada, in the District of Nebraska at 711 North 3rd Street, O'Neill, Holt County, Nebraska 68763.

### III. STATEMENT OF FACTS

6. As noted above, Petitioner and Respondent are parents of the Children. Petitioner and Respondent were married on February 12, 2010, in Chihuahua, Mexico. A copy of their marriage certificate and translation thereof are attached hereto as Exhibit C.

7. In 2010, Ms. Portillo gave birth to S.G.P. in Chihuahua, Mexico. A copy of S.G.P.'s birth certificate and a translation thereof are attached hereto as Exhibit D.

8. In 2013, Ms. Portillo gave birth to A.G.P. in Chihuahua, Mexico. A copy of A.G.P.'s birth certificate and a translation thereof are attached hereto as Exhibit E.

9. In 2016, Ms. Portillo gave birth to E.G.P. in Chihuahua, Mexico. A copy of E.G.P.'s birth certificate and a translation thereof are attached hereto as Exhibit F.

10. On June 23, 2020, Respondent appeared before the Second Family Court by Hearings in the Judicial District Benito Juarez, in Chihuahua, Mexico, to begin the dissolution of marriage process.

11. On or about March 8, 2021, Petitioner and Respondent reached an agreement as it related to child support and custody and parenting time of the Children. A copy of the court order and a translation thereof are attached hereto as Exhibit G.

12. Pursuant to the agreement, the court awarded joint legal custody of the Children to Petitioner and Respondent. Primary physical custody was awarded

to Respondent who was residing with the children in Santa Catalina de Villela in the municipality of Namiquipa, Chihuahua, Mexico.

13.    The cohabitation (parenting time) schedule for Petitioner and his Children was ordered as follows:

    a.    Every other Thursday for 12 hours and/or at the end of the established school schedule until Sunday in the afternoon;

    b.    One week on/one week off during summer vacation and Easter week; and

    c.    Beginning December 24th of even-numbered years during the December vacation period.

14.    On May 10, 2021, Petitioner and Respondent were divorced in Chihuahua, Mexico, prior to Respondent's wrongful removal of the Children on or about January 30, 2025. Following the divorce, Petitioner continued to exercise his parental rights and maintained his relationship with the Children. A copy of the divorce certificate and translation thereof are attached hereto as Exhibit H.

15.    Petitioner last saw the Children when they stayed with him from December 30, 2024, through January 14, 2025.

16.    In December 2024, S.G.P. commented to his paternal grandmother and Petitioner that Respondent wanted to take S.G.P. and his siblings to the United States without Petitioner knowing, but the Children did not want to go.

17.    Petitioner reported same to the Second Family Court by Hearings, of the Judicial District Benito Juarez. The Court warned Respondent against taking the Children to the United States without the consent of Petitioner and ordered her to appear before the Court with the Children and their passports on January 30, 2025, at 10:00 a.m. Respondent failed to appear.

18.    On January 31, 2025, Petitioner called S.G.P. who informed Petitioner that Respondent had already taken them (the Children) to the United States. S.G.P. told Petitioner that they were in Nebraska. Since then, Petitioner has

had sporadic contact with S.G.P. who reported the Children were attending school in Nebraska.

19.     On February 5, 2025, Petitioner provided additional documentation and evidence of the Children's abduction to the Court. The Court referred the matter to the Public Prosecutor's Office, and the State Investigation Agency conducted a subsequent criminal investigation.

20.     On September 11, 2025, an arrest warrant pursuant to Mexican law was issued for Respondent for the crime of retention and abduction of minors or people who do not have the capacity to understand the meaning of the act. A copy of the arrest warrant and translation thereof are attached hereto as Exhibit I.

21.     On or about April 15, 2025, Petitioner's Request for International Return of the Children was submitted to the United States Department of State through the Mexican Central Authority. A copy of Petitioner's Request for Return and a translation thereof are attached hereto as Exhibit J.

### IV.  WRONGFUL REMOVAL AND RETENTION OF CHILDREN BY RESPONDENT:  CLAIM FOR RELIEF UNDER THE HAGUE CONVENTION

22.     As set forth above, on or about January 30, 2025, Respondent wrongfully removed the Children within the meaning of Article 3 of the Convention and continues to wrongfully retain the Children in the State of Nebraska, United States, in violation of Article 3 and despite Petitioner's efforts to have the Children returned to Mexico.

23.     Petitioner has never acquiesced or consented to the removal of the Children from Mexico to the United States or to their living outside of Mexico.

24.     Respondent's removal and retention of the Children is wrongful within the meaning of Article 3 of the Convention because:

        a.   It is in violation of Petitioner's rights of custody as established by Mexican law. A copy of Articles 255-256 bis, 259-261, 388-391,

393-395, 397-401, and 420-425 of the Civil Code for the State of Chihuahua, Mexico, is attached hereto as Exhibit K. Specifically, Respondent's removal and retention of the Children is in violation of Peitioner's right as a physical custodian to determine the Children's place of residence. See Hague Convention, Art. 5(a) (defining "rights of custody" under Article 3 to include "in particular, the right to determine the child's place of residence");

b. At the time of the Children's removal from Mexico, Petitioner was actually exercising his rights of custody within the meaning of Articles 3 and 5 of the Convention and, but for Respondent's removal and retention of the Children, Petitioner would have continued to exercise those rights; and

c. The Children were habitually resident with Petitioner in Mexico within the meaning of Article 3 of the Convention immediately before their removal and retention by Respondent.

25. Respondent is presently wrongfully retaining the Children in the State of Nebraska, County of Holt.

26. Upon information provided by and belief of the Mexican Central Authority, United States Department of State, and Mr. Gomez, Respondent is keeping the Children at Respondent's boyfriend's residence, 711 North 3rd Street, O'Neill, Holt County, Nebraska 68763.

27. The Children are now 15, 12, and 9 years old. The Hague Convention applies to Children under sixteen (16) years of age and thus applies to all three Children.

28. Petitioner has never consented or acquiesced to Respondent's wrongful removal or retention of the Children.

## V.  PROVISIONAL REMEDIES
### (42 U.S.C. § 11604 & HAGUE CONVENTION, ARTICLE 16)

29.    Petitioner requests that this Court issue an immediate order restraining Respondent from removing the Children from the jurisdiction of this Court, and a warrant seeking immediate physical custody of the Children, directing any United States Marshal or other law enforcement officer to bring the Children before this Court. Petitioner also asks that this Court schedule an expedited hearing on the merits of this Verified Complaint.

## VI.  ATTORNEY FEES AND COSTS
### (42 U.S.C. § 11607)

30.    To date, Petitioner has incurred attorneys' fees and costs as a result of the wrongful retention of the Children by Respondent.

31.    Petitioner respectfully requests that this Court award him all costs and fees, including transportation costs, incurred to date as required by 42 U.S.C. § 11607.

## VII.  NOTICE OF HEARING
### (42 U.S.C. § 11603(c))

32.    Pursuant to 42 U.S.C. § 11603(c), Respondent shall be given notice of these proceedings in accordance with the laws governing notice in interstate child custody proceedings.

## VIII.  RELIEF REQUESTED

**WHEREFORE**, Petitioner, Jesus Manuel Gomez Gonzalez, prays for the following relief:

33.    An immediate temporary restraining order prohibiting the removal of the Children from the jurisdiction of this Court pending a hearing on the merits

of this Verified Complaint, and further providing that no person acting in concert or participating with Respondent shall take any action to remove the Children from the jurisdiction of this Court pending a determination on the merits of the Verified Complaint;

34.     The scheduling of an expedited preliminary injunction hearing on the merits of the Verified Complaint; an order that Respondent show cause at this hearing why the Children should not be returned to Mexico, and why such other relief requested in the Verified Complaint should not be granted; and, pursuant to Federal Rule of Civil Procedure 65, an order that the trial of the action on the merits be advanced and consolidated with the hearing on the Verified Complaint;

35.     A final judgment in Petitioner's favor establishing that the Children shall be returned to Mexico, where an appropriate custody determination can be made by a Mexican court under Mexican law;

36.     An Order requiring that Respondent pay Petitioner's expenses and costs, including transportation costs, under 42 U.S.C. § 11607, such expenses and costs to be resolved via post-judgment motion, consistent with the procedure outlined under Local Rule 54.3 of this Court; and

37.     For any such further relief as may be just and appropriate under the circumstances of this case.

Respectfully submitted this 16th day of February, 2026.

Amber L. Schlote
Nebraska Bar No. 27090
McGill Law, P.C., L.L.O.
8055 O Street, Suite 122
Lincoln, Nebraska 68510
(402) 548-5418
Amber@McGillLawyers.com
Attorney for Plaintiff/Petitioner